***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. An employee-employer relationship existed between the named employee and named employer on the date in question.
3. All parties have been properly designated, and there is no genuine question as to misjoinder or nonjoinder of parties.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACTS
1. Plaintiff was employed by Hearthside Home Care as a Certified Nursing Assistant. On April 12, 2001, she suffered an injury to her back while transferring a patient from a wheelchair to the bed. While transferring the patient, plaintiff felt something in her back and thought it was a pulled muscle.
2. Plaintiff took a couple of Tylenol and continued to work the rest of the day. Plaintiff went home and took Ibuprofen that night and went to work the next day, Friday, April 13, 2001. Plaintiff worked her regular hours on April 13, 2001. Although her back was hurting, plaintiff thought the problem would eventually work itself out and took anti-inflamatories to help reduce the pain. On Friday night, plaintiff took Ibuprofen before she went to bed. Plaintiff's back injury became progressively worse and she couldn't do anything on Saturday or Sunday. On Monday, April 16th, plaintiff contacted Tina Glenn of Hearthside Home Care and told Ms. Glenn that she had hurt her back on April 12 at Elizabeth Fontano's house, where she was taking care of Mrs. Fontano, and that she was going to call her doctor and make an appointment.
3. Plaintiff came under the care of Dr. John Slatosky beginning April 17, 2001. The Medical Report of Dr. Slatowsky stated that based upon his examination and the medical evidence, it was entirely likely that plaintiff sustained the injury at work. On April 26, 2001, plaintiff notified Hearthside Health Care in writing of her work-related injury. Plaintiff was subsequently examined by other medical providers and relayed to each of those medical providers that her injury was work-related and caused by transferring a patient from a wheelchair to a bed.
4. Plaintiff testified that since the date of her injury she has been unable to work because of her injury. Prior to her back injury on April 12, 2001, plaintiff had never complained to Hearthside Health Care of any back problems and did not miss any work because of back problems. Plaintiff testified that subsequent to and because of her work related back injury on April 12, 2001, she has been unable to work. Through and until the date of the hearing before the Deputy Commissioner, plaintiff testified that she continued to experience pain in her back, hips, both legs, and feet. Plaintiff`s worker's compensation claim was denied by the defendants.
5. Because the Deputy Commissioner ruled immediately at the close of the hearing before him that plaintiff had failed to carry her burden of proving that she sustained a compensable injury by accident or compensable specific traumatic incident the parties did not take medical testimony.
 ***********
Based on the foregoing Stipulations and Findings of Facts, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On April 12, 2001, plaintiff suffered a specific traumatic incident arising out of and in the course of her employment resulting in injuries to her back N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to medical benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 AWARD
Defendants shall furnish and pay for all medical care needed to provide relief, effect a cure or shorten the term of disability with respect to plaintiff's compensable specific traumatic incident of April 12, 2001.
 ***********
The Full Commission also enters the following:
 ORDER
1. The parties shall forthwith furnish to the Industrial Commission a copy of every medical record with respect to the specific traumatic incident of April 12, 2001. Counsels are ordered to confer and make a joint submittal of such medical records.
2. Plaintiff shall submit to a functional capacity evaluation by a physician to be chosen by Margaret G. Dunn, RN, CDMS, CCM, director of the medical rehabilitation nurses section of the Industrial Commission, who shall oversee the evaluation.
3. Defendants shall return plaintiff to a treating physician and shall provide a CT or MRI if ordered by such physician as well as any other required testing.
4. The parties shall forthwith depose such medical providers as necessary for the Industrial Commission to make a determination with respect to the consequences of the specific traumatic incident of April 12, 2001. The parties may depose such other witnesses as they feel necessary to establish other facts related to the issues of compensability. The original of each such deposition shall be delivered to the Industrial Commission as soon as possible. The Full Commission retains jurisdiction.
This 12th day of February 2003.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER